# Exhibit A
# State Court Record

COMMONWEALTH OF KENTUCKY
PULASKI CIRCUIT COURT
CIVIL DIVISION
CASE NO. 18-CI-297
*Electronically Filed*

LARRY MEECE                                                              PLAINTIFF

vs.                      **COMPLAINT AND JURY DEMAND**

LIFE INSURANCE COMPANY OF NORTH AMERICA                                  DEFENDANT
d/b/a CIGNA GROUP INSURANCE

To be served through the Kentucky Secretary of State upon:

Michael A. James
Two Liberty Place
1601 Chestnut Street
Philadelphia, PA 19192-2211

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

1. The Plaintiff, Larry Meece, is a citizen and resident of Pulaski County, Kentucky.

2. Life Insurance Company of North America ("LINA" or "Defendant") is an insurance company believed to be domiciled in the state of Pennsylvania. LINA does business under the name Cigna Group Insurance. LINA's service of process agent is Michael A. James, located at Two Liberty Place, 1601 Chestnut Street, Philadelphia, PA 19192-2211 and can be served through the Kentucky Secretary of State.

3. The Plaintiff had been employed at LifePoint Hospitals, Inc. ("LifePoint") working as a registered nurse.

4. The Defendant supplied and issued policies of insurance to LifePoint, where the Plaintiff obtained coverage for long-term disability insurance. The applicable long-term disability insurance policy number is believed to be LK-0980085. The insurance company's incident number for Plaintiff's claim is 3472336-02.

5. The LTD insurance policy provides for monthly disability benefit payments, based on a percentage of Plaintiff's pre-disability earnings.

6. The LTD policy defines disability and entitles Plaintiff to receive benefits, if Plaintiff meets the following definition:

   *Definition of Disability/Disabled*

   "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
   1. unable to perform the material duties of his or her Regular Occupation; and
   2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

   After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
   1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
   2. unable to earn 80% or more of his or her Indexed Earnings.

   The Insurance Company will require proof of earnings and continued Disability."

7. Benefits are payable to Plaintiff under the LTD insurance because he is disabled, as defined in the insurance certificate, from performing his past occupation at LifePoint and any other occupation.

8. The Plaintiff, while working at LifePoint, became disabled as defined in his applicable LTD and life insurance policies on or about September 25, 2014, and remains disabled.

9. Plaintiff received short-term disability benefits for the maximum period allowable.

10. Plaintiff was deemed disabled as of September 25, 2014, by the Social Security Administration.

2

11. The Plaintiff was and has been unable to perform the material duties of his own occupation, and any other occupation, since on or about September 24, 2014, as a result of injury or sickness.

12. The Plaintiff applied for long-term disability benefits with the Defendant in a timely fashion, in the manner outlined in the insurance certificate.

13. Plaintiff provided proof that he was disabled from work, and that he was unable to perform his own occupation and any other occupation.

14. Defendant approved Plaintiff's LTD claim for a period of time but has declined to pay any LTD benefits to Plaintiff beyond February 21, 2017. The original letter terminating Plaintiff's benefits is dated December 14, 2016.

15. In response to the termination of his claim, Plaintiff made a timely appeal to the Defendant, submitted on March 1, 2017, in the manner outlined in the LTD certificate and provided additional information in support of his claim.

16. By letter dated May 5, 2017, Defendant upheld the wrongful denial of Plaintiff's LTD benefits.

17. Plaintiff also had, at all times relevant to the claims asserted herein, life insurance coverage with Defendant through his employment with LifePoint.

18. The life insurance policy, policy number FLX 90082, contains a waiver of premium provision, whereby premiums are to be waived when the claimant is disabled.

19. Plaintiff's life insurance policy provides the following definition:

> Disability/Disabled means because of Injury or Sickness an Employee is unable to perform the material duties of his or her Regular Occupation, or is receiving disability benefits under the Employer's plan, during the initial 12 months of Disability. Thereafter, the Employee must be unable to perform the material duties of any occupation which he or she may reasonably become qualified based on education, training or experience, or

3

is subject to the terms of a Rehabilitation Plan approved by the Insurance Company.

20. Plaintiff timely, and in the manner set forth in the applicable policy, submitted a waiver of premium claim with respect to his life insurance coverage. The incident number for Plaintiff's waiver of premium claim is believed to be the same as his LTD incident number, 3472336-02.

21. Defendant approved the waiver of premium claim and waived premiums on life insurance coverage, until denying the claim on or about January 18, 2017.

22. Plaintiff timely, and in the manner set forth in the applicable insurance policy, appealed the waiver of premium claim, which was denied by Defendant on or about May 5, 2017.

23. On October 31, 2017, Plaintiff timely and properly appealed the denial of his LTD and WOP benefits, in the manner set forth in the applicable policies.

24. In his appeal, Plaintiff submitted additional medical documentation supporting his ongoing disability, including an independent medical examination and a vocational evaluation.

25. Plaintiff's appeal letter was delivered to Defendant via facsimile on October 31, 2017.

26. Plaintiff's appeal was delivered to Defendant by overnight mail and received by Defendant on November 1, 2017.

27. Defendant acknowledged receipt of the appeal on November 14, 2017, and informed Plaintiff that an appeal specialist would contact Plaintiff within fifteen days.

28. By letter dated November 28, 2017, Plaintiff was given the contact information for the appeal specialist assigned to Plaintiff's LTD and WOP claims.

29. To date, no decision has been received from Defendant regarding Plaintiff's appeal.

4

30. The Defendant has failed to render a timely decision on the appeal in accordance with applicable law.

31. The Plaintiff has exhausted any administrative remedies that may be required under the insurance contract, applicable policies, and/or by law.

32. The Plaintiff is entitled to LTD and WOP benefits, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

33. The denial of Plaintiff's claims for LTD and WOP benefits is a breach of contract.

34. The decision of Defendant to deny contractual benefits under the disability policy is erroneous, a breach of fiduciary duty, negligent, an abuse of discretion, arbitrary and capricious, and contrary to the overwhelming evidence supplied to LINA in the medical records of Plaintiff's treating physicians and independent medical reviewers.

35. The aforesaid conduct of Defendant in denying contractual benefits constitutes bad faith in that LINA lacks a reasonable basis to deny benefits and knows or has acted recklessly with whether such a basis for denial exists.

36. The actions of the Defendant violate KRS § 304.12-230, the Unfair Claims Settlement Practices Act and entitle the Plaintiff to recover attorney's fees and interest under KRS § 304.12-235.

37. The aforesaid conduct of the Defendant is reckless and grossly negligent, which entitles Plaintiff to punitive damages.

38. The above actions by the Defendant have directly and proximately caused emotional and mental pain and suffering, anxiety, inconvenience, and financial problems, which would not have occurred, but for the wrongful conduct of the Defendant.

Filed     18-CI-00297     J.S. Flynn, Pulaski Circuit Clerk

39. The LTD policy and coverage, and life insurance policy and coverage, do not meet the qualifications of a plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq.

40. In the alternative to allegation number 39 above, if the policies at issue do meet the qualifications for ERISA, then the decision made by the Defendant was arbitrary and capricious, against the overwhelming evidence provided to the Defendant, and a breach of fiduciary duty, which entitles the Plaintiff to contractual benefits, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B), (a)(2), (a)(3), and (g).

41. The Defendant should be enjoined from stopping payments under the contract.

42. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff Larry Meece demands the following relief:

1. Judgment against the Defendant for full contractual benefits, attorney's fees, punitive damages to punish and deter it from similar conduct, prejudgment and post judgment interest, and compensation for emotional pain and suffering caused by the unreasonable and reckless delay; and

2. Waiver of premiums under the life insurance policy; and

3. Prejudgment and postjudgment interest; and

4. Trial by jury; and

5. Any and all other relief to which Plaintiff appears to be entitled.

6

Respectfully submitted,

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com

M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson**
 **Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **18-CI-00297**<br>Court: **CIRCUIT**<br>County: **PULASKI** |

*Plantiff,* **MEECE, LARRY VS. LIFE INSURANCE COMPANY OF NORTH AMERICA**, *Defendant*

TO:  **MICHAEL A JAMES**
        **TWO LIBERTY PLACE**
        **1601 CHESTNUT STREET**
        **PHILADELPHIA, PA 19192**

Memo: Related party is LIFE INSURANCE COMPANY OF NORTH AMERICA

The Commonwealth of Kentucky to Defendant:
**LIFE INSURANCE COMPANY OF NORTH AMERICA**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                    /s/ J.S. Flynn, Pulaski Circuit Clerk
                    Date: **03/15/2018**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

Date: _____, 20 ____        Served By _____

                                    Title _____

Summons ID: 9216016769164@00000157571
CIRCUIT: 18-CI-00297 Certified Mail
MEECE, LARRY VS. LIFE INSURANCE COMPANY OF NORTH AMERICA



Page 1 of 1



eFiled

Package: 000002 of 000009
Presiding Judge: HON. JEFFREY THOMAS BURDETTE (628218)
Package : 000002 of 000009